IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES EDWARD BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-12-1160-D |
| v. | ) | |
| | ) | |
| JUSTIN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT  AND  RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983.   The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  An initial review of the sufficiency of the Second Amended Complaint filed December 17, 2012, has been conducted, and based upon this review and the findings set forth herein the undersigned recommends that the cause of action be dismissed without prejudice upon filing.

Taking judicial notice of the public records of the Oklahoma Department of Corrections ("ODOC"), Plaintiff is serving parole revocation sentences for his convictions entered in Oklahoma County District Court, Case No. CRF-91-2173, in which he was sentenced to serve 20-year and 35-year concurrent terms of imprisonment for multiple

1

habitual offender drug-related offenses. http://www.doc.state.ok.us/offenders/offenders.htm (offender lookup last accessed December 18, 2012). Although the record is not entirely clear, it appears that Plaintiff was paroled from these sentences sometime in 2003 and reincarcerated in March 2006 to serve the remainder of his parole revocation sentences. http://www.doc.state.ok.us/offenders/offenders.htm (offender lookup last accessed December 18, 2012). See Complaint (Doc. # 1), at 9.

Plaintiff initially filed an 11-page, handwritten Complaint (Doc. # 1) in October 2012. Following referral of the matter, the undersigned reviewed the Complaint and found it was deficient because it was not completed on the proper form for a 42 U.S.C. § 1983 action. Plaintiff was directed to file the Complaint on the proper form. (Doc. # 12). On November 21, 2012, Plaintiff filed his Amended Complaint. (Doc. # 16). Although the Complaint was filed on the proper form for a § 1983 action, the undersigned reviewed the Amended Complaint and found that it was deficient under Fed.R.Civ.P. 8(a). Accordingly, Plaintiff was directed to file a Second Amended Complaint on the proper form in order to correct these deficiencies. See Order (Doc. # 17). In this Order, Plaintiff was advised of the requirements of Rule 8 and of the reasons why his Amended Complaint did not comply with Rule 8(a)'s pleading requirements. Plaintiff was cautioned in the Order that the action may be dismissed without prejudice if he failed to comply with the Order by filing a complaint that satisfies the pleading requirements of Rule 8(a).

Plaintiff has now filed his Second Amended Complaint. (Doc. # 22). In this Second Amended Complaint, Plaintiff has named as Defendants Mr. Jones, the Director of the

ODOC, Mr. McCollum, the Warden of the Oklahoma State Reformatory ("OSR") where Plaintiff is incarcerated, Ms. Nickels, OSR's trust fund supervisor, "unknown others," and Mr. Meachum, who is identified as the CEO of the Keefe Company.  As jurisdictional bases for his action, Plaintiff states that he is invoking 42 U.S.C. § 1983; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), see 18 U.S.C. § 1962; 18 U.S.C. § 1512; the "Dissabilitys [sic] Act;" the "Institutionalized Persons Act religious Act;" the "International 1994 treaty against torture;" and "Bivins - uknown [sic] action." Second Amended Complaint, at 2.

Although Plaintiff's *pro se* pleadings must be liberally construed, his pro se status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure. See Haines v. Kerner, 404 U.S. 519, 520 (1972)(*per curiam*); Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994), cert. denied, 513 U.S. 1090 (1995).  Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)(internal quotations and citation omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations and citation omitted).  See Cohen v. Delong, 369 Fed.Appx. 953, 957, (10th Cir. 2010)(unpublished order)("Rule 8 demands more than naked assertions and unexplained citations to voluminous exhibits."), cert. denied, __ U.S. __, 131 S.Ct. 268

(2010).

In his Second Amended Complaint, Plaintiff has set forth a confusing litany of claims related to administrative decisions, medical treatment, canteen prices, access to legal resources, the provision of prison programs, interstate prison transfers, and the execution of his sentence(s).  The vast majority of the allegations fail to provide relevant information such as dates or specific occurrences of alleged deprivations. Rather, the pleading is replete with conclusions of legal deprivations devoid of facts, presented in a mumbo-jumbo format which makes it difficult to decipher the actual claims or the participation of a particular Defendant. For instance, as background for his action, Plaintiff alleges that "Jones and unknown others have enter[e]d contracts across state lines violating Interstate Commerce Laws, R.I.C.O. and section one of the Sherman act, involving several Consparitors [sic] that have Ex-Post-Facto taken away 1991 rights an[d] privalages [sic] that were a part of Plaintiff's sentence making it more Onerous, Harsh, imposing Administrative Punishment on Plaintiff without Due Process." Second Amended Complaint, at 2. He sets forth additional allegations in the background of the Complaint of alleged wrongdoing by Defendants Jones and Meachum or "Defendents [sic]," but the allegations are not included in the grounds set forth in the pleading.

In count one, Plaintiff names Defendant Jones, McCollum, and Meachum. He alleges these Defendants "violated 18 U.S.C. § 1512 and R.I.C.O. by creating an 'Enterprise" in consparicy [sic] with others accross [sic] state borders impeading [sic] Plaintiff's access to the courts [and] forcing Plaintiff to pay for copy machine leases and supplies out of his trust

fund account [and] then forc[ing] him to pay 700% mark up over cost and refus[ing] to correct sentece [sic] record." Second Amended Complaint, at 3.

These allegations fall far short of the nominal pleading requirements of Rule 8(a). Nor has Plaintiff alleged which of the multiple federal constitutional or statutory bases he has invoked provide the foundation for his claims, except with respect to his RICO claim. Although Plaintiff has alleged a RICO violation in count one, he does not allege what conduct occurred or what specific acts demonstrate a pattern of racketeering activity.  He merely states that the violation occurred because he does not believe the prison is being adequately managed, he does not believe his sentence is being administered properly, or the conditions of his confinement are deficient, none of which would state a claim under the relevant law.  See Gillmor v. Thomas, 490 F.3d 791, 797 (10th Cir. 2007)(to state RICO claim, plaintiff "must allege a violation of 18 U.S.C. § 1962, which consists of four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity")(internal quotation marks omitted); 18 U.S.C. §§ 1961(1), (5)("'pattern of racketeering activity' requires at least two acts of racketeering activity," must allege violations of certain statutes, and one of the acts must have "occurred after [RICO's] effective date . . . and the last of which [must have] occurred within ten years . . . after the commission of a prior act of racketeering activity"). See Dalton v. City of Las Vegas, 282 Fed.Appx. 652, 655 (10th Cir. 2008)(unpublished order)("Simply listing the litany of offenses allegedly committed by defendants, without any specification as to which acts (1) qualify as § 1961 predicate acts and (2) also occurred within the time frame required to satisfy § 1961(5), is insufficient to

state a RICO claim.").

Throughout the nine-page pleading, Plaintiff has alleged the presence of allegedly unhealthy or unsafe conditions at the prison and inadequate or delayed medical or dental treatment.  However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate human conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837.  Plaintiff has not alleged that any Defendant participated in health or medical decisionmaking or had knowledge of any particular condition at the prison.

A supervisor may be liable under § 1983 if he or she was "personally involved in the constitutional violation," and "a sufficient causal connection . . . [existed] between [the supervisor] and the constitutional violation." Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006)(internal quotations omitted).  "[A] plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." Id. (internal quotations omitted).  Plaintiff's allegations in his Second Amended Complaint do not demonstrate the personal involvement of Defendants Jones or McCollum in any alleged constitutional violation.

Moreover, Plaintiff alleges that Defendants Jones, McCollum, and Meacham and/or "unknown others" have conspired in various ways, but his allegations do not include facts sufficient to show each Defendant's actions or how Plaintiff was injured by those actions.

6

See Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998)(to state a claim of a conspiracy under 42 U.S.C. § 1983, a plaintiff "must allege specific facts showing an agreement and concerted action amongst the defendants"); Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994)("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

Plaintiff's prayer for relief is just as confusing and random.  The requests are not related to the allegations set forth in the body of the Second Amended Complaint.  For instance, in his prayer for relief Plaintiff simply demands an order from the Court "compelling the Defendants to correct Plaintiff's sentence records and to deduct all credits owed too [sic] Plaintiff." Second Amended Complaint, at 5.   He seeks another order compelling Defendants to "provide some quailty [sic] and type of Dental and medical bedding visiting news media access parole conserderations [sic] early release programs and operatives correct all health safty [sic] hazards, at male Facility's expecially O.S.R. have copy droped [sic] 12 months after incurment if not paid." Id.

With respect to Defendant Nickels, Plaintiff alleges that Defendant Nickels, in her capacity as the OSR trust fund supervisor, is holding certain "funds" in escrow "to pay future payments not yet due" in this action. Second Amended Complaint, at 7.  Plaintiff admits and the record shows that this Court has directed the prison to forward funds from Plaintiff's institutional accounts in excess of $10.00 to pay his filing fees.  Order to Agency Having Custody of Plaintiff for Payment of Inmate Filing Fee (Doc. # 11).  Plaintiff has not alleged a viable claim of a constitutional deprivation against Defendant Nickels or Defendants Jones

7

or McCollum related to the withdrawal of funds from his institutional account to pay the required filing fee.

In his Second Amended Complaint, Plaintiff cites various federal and state laws that bear no relationship to the factual allegations, including Okla. Stat. tit. 12, § 1333 ("Writs of habeas corpus may be granted by any court of record in term time, or by a judge of any such court, either in term or vacation; and upon application the writ shall be granted without delay."), Okla. Stat. tit. 12, § 1334 ("The writ shall be directed to the officer or party having the person under restraint, commanding him to have such person before the court, or judge, at such time and place as the court or judge shall direct, to do and receive what shall be ordered concerning him and have then and there the writ."),  Okla. Stat. tit. 21, § 1514 (providing punishment for a misdemeanor offense for wearing a "badge, pin, or insignia, or [the use of] the name of any society, order or organization of ten (10) years' standing or existence in this state . . . as might be calculated to deceive, or [the use of] the same to obtain aid or assistance within this state, unless entitled to use or wear the same under the constitution and bylaws, rules and regulations of such order or society . . . ."), and Okla. Stat. tit. 57, § 332.7(A)(providing that a prisoner serving a sentence for a crime committed before July 1, 1998, is eligible for parole consideration at the earliest of several alternative dates).  Moreover, alleged violations of state laws do not state a cognizable claim under 42 U.S.C. § 1983. See Eidson v. Owens, 515 F.3d 1139, 1148 (10th Cir. 2008); Jones v. City and County of Denver., 854 F.2d 1206, 1209 (10th Cir. 1988)("Section 1983 does not ... provide a basis for redressing violations of state law, but only for those violations of *federal* law done

under color of state law.")(emphasis in original).

"The broad reading of the plaintiff's [*pro se*] complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  When a complaint does not satisfy the pleading requirements of Rule 8, it is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading. . . ." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).  Plaintiff was given an opportunity to amend his Complaint to cure its pleading deficiencies.  With his Second Amended Complaint, he has not done so. The Court should therefore dismiss the Second Amended Complaint without prejudice.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the cause of action be dismissed without prejudice for failure to comply with Rule 8, Fed.R.Civ.P. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by   January 10th   , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

9

ENTERED this __21st__ day of ___December___, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE