IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES BEARD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-12-1160-D |
| ) | |
| JUSTIN JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brought this action pursuant to 42 U. S. C. § 1983, asserting numerous alleged constitutional rights violations. In addition, he asserts claims which he identifies as based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U. S. C. § 1962. Among the numerous other legal bases he references are the "Dissabilitys [sic] Act," the "Institutionalized Persons Religious Act," and the "International 1994 treaty against torture." He also refers to a "Bivins-uknown [sic] action."

Pursuant to 28 U. S. C. § 636(b)(1)(B), this action was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings. The Magistrate Judge reviewed Plaintiff's original Complaint and found it deficient. In lieu of a Report and Recommendation to recommend dismissal upon filing pursuant to 28 U. S. C. § 1915, he authorized Plaintiff to amend his Complaint to cure the deficiencies. Upon review of the Amended Complaint, the Magistrate Judge again granted Plaintiff an opportunity to amend. The Magistrate Judge then reviewed the Second Amended Complaint and determined Plaintiff's amendments did not cure the numerous pleading deficiencies previously brought to Plaintiff's attention.

On December 21, 2012, the Magistrate Judge filed a Report and Recommendation [Doc. No. 24] in which he recommended that this action be dismissed without prejudice to the filing of a

future action. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

The Court has reviewed the Second Amended Complaint, and agrees with the Magistrate Judge that it fails to allege sufficient facts to support the numerous statutory claims asserted by Plaintiff. Although Plaintiff appears *pro se*, the liberal construction afforded his pleadings does not permit the Court to draft the allegations necessary to support the claims asserted. As the Magistrate Judge explains in the Report and Recommendation, Plaintiff's extensive statements are conclusory and fail to allege facts to identify the events on which his claims are based. Nor does Plaintiff identify the defendant who is alleged to have taken the action about which Plaintiff complains.

Plaintiff's objection to the Report and Recommendation does not warrant rejecting the findings and conclusions set forth therein. Instead, Plaintiff recites additional allegations and refers to additional statutes or enactments, and he fails to sufficiently explain how the named defendants are liable to him under any theory of relief that could be based on those statutes or enactments. He argues that witnesses, including a former Tenth Circuit Court of Appeals judge, will testify as to certain matters, and he raises new contentions outside the scope of the claims he sought to assert in the Second Amended Complaint. These arguments suggest that Plaintiff seeks to assert, as causes of action, numerous allegations which he fails to connect to any cognizable claim.

In his objection to the Report and Recommendation, Plaintiff asks the Court to again permit him to amend his Complaint. Although leave to amend should be granted where it appears that a plaintiff could allege facts to state a claim for relief, the Court is not required to grant leave where the amendment would be futile. *See, e.g., Foman v. Davis,* 371 U.S. 178, 182 (1962). In this case, Plaintiff has been authorized to amend previously to correct specific deficiencies noted by the

Magistrate Judge, and the Second Amended Complaint represents his third attempt to plead cognizable claims for relief. When he previously authorized an amended complaint, the Magistrate Judge explained the pleading deficiencies, and he directed Plaintiff to the Federal Rules of Civil Procedure requirements for properly pleading a claim for relief; notwithstanding that guidance, Plaintiff has failed to do so. Instead, each amended pleading merely adds additional claims and statements which are not connected to an identified cause of action. The Court concludes that, under these circumstances, further amendments to the complaint are futile. Accordingly, leave to amend is denied.

In addition to objecting to the Report and Recommendation, Plaintiff has filed a motion to compel [Doc. No. 25] directed to the Oklahoma State Department of Health and the Department of Corrections, and he seeks documents related to health warnings allegedly concerning the presence of black mold as well as complaints about the prison kitchen's deficiencies. Requesting such material does not assist Plaintiff in drafting a complaint which could render such material relevant to a purported claim for relief. Additionally, Plaintiff has filed two motions "to grant relief" [Doc. Nos. 28 and 29]. In these submissions, he asks the Court to grant relief on what he describes as an "administrative commutation claim" and a "truth in sentencing claim." Each of these submissions again recites a litany of Oklahoma statutes and citations to court decisions. However, Plaintiff's two motions do not address the Report and Recommendation or the conclusion that the Second Amended Complaint fails to satisfy the basic pleading requirements of the Federal Rules of Civil Procedure. As the Magistrate Judge explained to Plaintiff, he must review Fed. R. Civ. P. 8 and its requirement of a short and plain statement setting out the facts supporting the specific claims he seeks to assert against identified defendants.

Having reviewed the record, the Report and Recommendation, and Plaintiff's objections, the Court finds that the Magistrate Judge correctly determined the Second Amended Complaint is deficient. The specific deficiencies are explained in the Report and Recommendation, which is adopted as though fully set forth herein. This action is dismissed without prejudice to the filing of a future action. Plaintiff's motions [Doc. Nos. 25, 28, and 29] are denied as moot.

IT IS SO ORDERED this 24th day of January, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE